```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

PHILLIP WAYNE TOMLIN,          :

    Petitioner,                :

vs.                            :          CIVIL ACTION 09-0651-CG-M

GRANTT CULLIVER,               :

    Respondent.                :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules Governing Section 2254 Cases.  Petitioner has filed a Motion Requesting Abeyance (Doc. 2).  It is recommended that Tomlin's Motion be denied and that this action be dismissed, without prejudice, so that Petitioner may pursue available state court remedies.

Petitioner was convicted of capital murder in the Circuit Court of Mobile County on June 4, 1999 for which he received a sentence of life imprisonment without the possibility of parole in the state penitentiary (Doc. 1, pp. 2).  Petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2254, with this Court on October 1, 2009, raising thirty different claims which challenge that conviction and sentence (Doc. 1).

Petitioner states that he has a Rule 32 Petition pending before the Alabama Supreme Court which he filed on August 10, 2009, less than two months before filing this action (Doc. 1, pp.

4-6).  Tomlin admits that he has not exhausted his State Court remedies and that some of the claims raised in this petition are raised in the Rule 32 Petition; he has filed a Motion Requesting Abeyance so that the State Courts may resolve the issues pending before them (Doc. 2).  Petitioner candidly admits that he has only six days left before his one-year statute of limitations period, under the Anti-Terrorism and Effective Death Penalty Act of 1996, runs, barring him from federal habeas review (Doc. 2).  Tomlin's concern is that he will not receive timely notice from the Alabama Supreme Court that his petition has been denied and that his six days will lapse before he files a habeas petition in this Court.

The Eleventh Circuit Court of Appeals has stated that "[a] federal court will not grant habeas corpus relief to a person held in custody pursuant to a state court judgment unless it appears that the applicant has exhausted remedies available to him in the state courts."  *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1982) (*citing Bufalino v. Reno*, 613 F.2d 568, 670 (5th Cir. 1980); 28 U.S.C. § 2254(b) (1976)).  However, as noted by Tomlin, the U.S. Supreme Court, in *Rhines v. Weber*, 544 U.S. 269 (2005), held that a district court has discretion to stay a mixed § 2254 petition so that the petitioner may exhaust his State court remedies.  However, *Rhines* held the following:

> [S]tay and abeyance should be available only
> in limited circumstances.  Because granting a

> stay effectively excuses a petitioner's
> failure to present his claims first to the
> state courts, stay and abeyance is only
> appropriate when the district court
> determines there was good cause for the
> petitioner's failure to exhaust his claims
> first in state court. Moreover, even if a
> petitioner had good cause for that failure,
> the district court would abuse its discretion
> if it were to grant him a stay when his
> unexhausted claims are plainly meritless.

*Rhines*, 544 U.S. at 277.

Petitioner candidly admits that the U.S. Supreme Court denied his petition for *certiorari* before that Court on January 9, 2006 and that he did not file his State Court post-conviction relief until January 3, 2007 (Doc. 2, p. 3). In other words, Tomlin nearly used his entire one-year period before seeking necessary State Court remedies.[1] As Petitioner has not explained the reason for this delay, the Court finds that he has not shown good cause for it.

Therefore, it is recommended that Petitioner's Motion Requesting Abeyance be denied (Doc. 2) and that this action be dismissed, without prejudice, so that Petitioner may exhaust State Court remedies relevant to this action.

---

[1] The Court would further note that it is only Petitioner's assertion that he has six days left before his one-year limitations period expires; it is not necessarily fact. For this assertion to be true, Tomlin would have had to have filed the appeal of the denial of his State Rule 32 petition in the Alabama Court of Criminal Appeals on the day that it was denied and would have also had to have filed his petition for *certiorari* in the Alabama Supreme Court on the same day that the Alabama Court of Criminal Appeals denied his appeal. Noting the extreme unlikeliness of this possibility, the Court points out that Tomlin has not provided that information in his petition (*see* Doc. 1, pp. 4-6).

3

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party

4

planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 9th day of October, 2009.


                                            s/BERT W. MILLING, JR.
                                            UNITED STATES MAGISTRATE JUDGE